UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| ANDREW SCOTT TAYLOR, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | 1:13-cv-63 |
| | ) | *Judge Curtis L. Collier* |
| DR. SUPAN, DR. JOHN LOWE, DR. | ) | |
| TERRY HOLMES, DIRECTOR, JOHN DOE | ) | |
| PHYSICIAN, In Their Individual Capacity; | ) | |
| MOCASSIN BEND MENTAL HEALTH | ) | |
| INSTITUTE; STATE OF TENNESSEE, | ) | |
| | ) | |
| *Defendants*. | ) | |

## **MEMORANDUM**

Plaintiff Andrew Scott Taylor ("Plaintiff") filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 2). Plaintiff also filed an incomplete handwritten motion to proceed *in forma pauperis* which the Court denied without prejudice to his right to file a new and complete motion (Court File No. 3). Plaintiff subsequently filed a prisoner motion to proceed *in forma pauperis* (Court File No. 4) but thereafter, was released from incarceration and notified the Court of two subsequent changes of address (Court File No. 5, 6).

On May 30, 2013, an order and non-prisoner *in forma pauperis* documents were sent to Plaintiff by certified mail to the address he provided the Court (Court File No. 7). The order directed Plaintiff to complete and submit the non-prisoner documents necessary to apply for *in forma pauperis* status within thirty days from the date of the order. On June 11, 2013, the order was returned to the Court as undeliverable, with the following notations: "return to sender[,] not deliverable as addressed[, and] unable to forward." (Court File No. 8).

Plaintiff has not notified the Court of a current address; thus, preventing the Court from communicating with Plaintiff and Plaintiff from timely responding to the Court's Order. Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of a suit when a plaintiff fails to prosecute his case. The Court's inability to communicate with Plaintiff and the Court's interest in managing the docket weigh in favor of dismissal, as the Court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the Court of his current address.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases. Given the Court's inability to communicate with Plaintiff due to his failure to keep the Court apprised of his current address, no lesser sanction than dismissal is feasible.

Therefore, this action will be **DISMISSED** for Plaintiff's failure to prosecute and to comply with the orders of this Court, *see* Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991), and his prisoner motion to proceed *in forma pauperis* will be **DENIED** as **MOOT** (Court File No. 4).

A judgment will enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**